## SUPREME COURT.

WILLIAM N. MILES *et al.*, as executors of the last will and testament of JAMES H. SACKETT, deceased, respondent, agt. JAMES W. SACKETT, appellant.'

*Evidence—When declarations of deceased inadmissible in favor of executor*

In an action brought by an executor to recover property of the deceased from persons claiming to own it by virtue of a gift from the testator, declarations of the deceased, inconsistent with such claim, being self-serving, and not contemporaneous with the transaction, are inadmissible in favor of the executor.

*First Department, General Term, January,* 1886.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

THIS appeal is taken by the defendant from a judgment against him, entered upon the report of the referee, for the sum of $9,595.31. The action is brought by the plaintiffs, as executors under the last will and testament of James H. Sackett, deceased, upon a note of $5,000 and interest, made by the defendant on the 2d of March, 1874, to the said James H. Sackett. The answer of the defendant admits that he made and gave the note sued upon to James H. Sackett at the time alleged in the complaint, but alleges that two years thereafter said James H. Sackett, who was the uncle of defendant, returned the note to him and made him a gift of the same. A paper produced on the trial by the plaintiffs, was alleged by them to be the note in suit, but defendant testified that the paper was merely a copy of the note which he had made, and which was taken from him by the plaintiffs. The testimony of various witnesses was offered on behalf of the defendant, to show that at various times the deceased, James H. Sackett, made statements, admissions and declarations, some of which tended to show that he

VOL. III      19

was about to make a gift to his nephew, the defendant, of the amount of the note; others, again, that he had made such gift, and others, that, while he expected to collect interest upon the note, he never would demand the principal. It will be noticed that all this evidence is admissions against interest by the testator, whom the plaintiffs represent. To meet and rebut these declarations of decedent against interest, the plaintiffs put on the stand Mrs. Jane C. Bush, who testified that she had a conversation with the deceased, James H. Sackett, the Monday but one before his death. The deceased died on the 5th day of May, 1878; therefore this conversation offered in evidence must have occurred in the latter part of April, 1878; that is, *four years after the making and giving of the note in suit.* It must also be noted, that the conversation sought to be elicited by Mrs. Bush's testimony, forms no part of any of the conversations testified to on behalf of the defendant; that it is not shown that the defendant was present at such conversation, or that the same was ever brought to his knowledge. The theory of the plaintiffs evidently is, that admissions against interest by the decedent, made at one time, will authorize the putting in evidence of declarations in his own favor made at another. Under the objection of defendant that the question called for self-serving declaration of the decedent, and that the conversation called for was not contemporaneous with the delivery of the note, the witness testified to declarations of deceased in his own favor, which if true, would show that the evidence of defendant's witnesses was entirely false; that the decedent held the note at the time of such conversation and expected to enforce it against defendant. The appellant respectfully urges that such evidence, which was of vital importance in the case, is entirely inadmissible. This appeal is taken upon the single ground that the improper admission of the declarations of deceased, through the witness Bush, and enough testimony is presented in the case to show upon what theory it was introduced by plaintiffs.

*Theodore Connoly,* for appellant, made and argued the follow-

ing points: 1. The declarations of the deceased, as testified to by the witness Bush, being self-serving and not contemporaneous with the transaction upon which this action is brought, are inadmissible. "A party's self-serving declarations cannot be put in evidence in his own favor, whether he be living or dead, at the trial. Nor is the result changed by the statutes enabling a party to be called as a witness in his own behalf  That which he could prove by his own sworn statements he is not permitted to prove by statements which are unsworn. In any view, therefore, the extra judicial self-serving declarations of a party are inadmissible for him with the exceptions hereinafter stated as evidence to prove his case" (2 *Wharton Ev.*, sec. 1101). (The present case is not within any of the exceptions given by Wharton.) It does not seem necessary to cite many cases to prove these propositions, which are perfectly well established and familiar to the courts, but it may be of interest to trace the course of decisions in this state upon the subject. "It is," says SPENCER, C. J., in the well-known case of *Roseboom* agt. *Billington* (17 *Johns.*, 182), "a fundamental principle that the private *ex parte* acts of an individual shall not be evidence for him unless those acts were in collision with his interests at the time. To admit evidence of the party's own creating, I consider repugnant to every sound principle of law. Declarations by a party in his own favor never can be admitted" (*cited and followed in Wilson* agt. *Pope*, 37 *Barb.*, 321, 324). And in a later case it is said: "The decisions, cited in 1 *Cowen & Hill's Notes, pages* 600, 661 *and* 662, which seem to hold that the declarations of the alleged donor is evidence against the donee where there is a doubt as to whether a gift has been established, conflicts with principles well established in this state, and should not be followed" (*Woodruff* agt. *Cook*, 25 *Barb.*, 505, 511). In *Chase* agt. *Ewing* (51 *Barb.*, 597, 614), which is an action brought by the executor of a mortgagee to foreclose the mortgage, it was held that declarations of the testator proving that the indebtedness secured by the mortgage was a loan and not an advancement were inadmissible, and the court said at page 614: "The con-

versations and declarations of the testator in favor of the executor in actions between him and third person are never allowable unless under some peculiar circumstances, forming an exception to the general rule. The evidence here offered was not within any exception. It was upon the main issue of the case, and clearly was incompetent evidence for the plaintiff. For this error alone the judgment should be reversed." And it was held in *Graves* agt. *King* (15 *Hun,* 367–370), a case on all fours with the case at bar, that in an action by an administrator to recover property of the deceased from persons claiming to own it by virtue of a gift from the testator, declarations of the deceased inconsistent with such claim are not admissible in favor of the administrator. " The rule is well settled by abundant authority that the defendants in this action could have given the declarations of the deceased against the plaintiff in the action, and, on the other hand, the general principle applicable to the character of the testimony offered is just as clearly settled against the admission of testimony in favor of the administrators " (*p.* 370). Citing *Chase* agt. *Ewing* (51 *Barb.,* 596), already referred to, and *Brown* agt. *Mailler* (12 *N. Y.,* 118). It will be seen that this case of *Graves* agt. *King* is directly in point. It is merely an application of the general principle that self-serving declarations are not admissible to the case of donor and donee. This proposition is equally true whether the self-serving declarations of decedent are sought to be introduced in evidence in an action brought by his representatives or brought against them. The reason of the rule is exactly the same in both cases. This clearly appears in a very recent case in this court. In the case of *Weller* agt. *Weller* (4 *Hun,* 195–197), which was an action brought against an executor of a decedent, it was sought to introduce self-serving declarations of decedent's to defeat the claim brought against the estate. The court said : "Against this is the evidence of judge SANDERS of declarations of the deceased at the time of making his will, to the effect that he did not owe any one. * * * But the declarations of the deceased were not admissible in favor of his estate, to show that he was not

indebted to plaintiff. The declarations of a party against his interest are admissible upon the presumption that he would not speak to his own injury unless it were true; but he cannot make evidence by declarations in his own interest. The defendants represent the deceased, and they can prove no declarations of his which he could not." The authorities on this point can be multiplied almost indefinitely were it necessary, but the above are sufficient to show the course of decisions in this state. They are in accordance with the universally accepted rules of evidence and of all standard text books. Distinguish the case of *Howell* agt. *Taylor* (11 *Hun*, 214), of which an examination will show that the declarations sought to be introduced were against the interest of the testator. 2. The declarations of James H. Sackett, on his own behalf, were not contemporaneous with the transaction, and were therefore inadmissible. This transaction was the giving of the note by James W. Sackett, 2d day of March, 1874. And further, it not only was no part of the transaction itself, the giving of the note, but it has no connection in time or place with any of the conversations or declarations against interest of decedent introduced on behalf of defendant. The entire transaction, giving it its widest possible range, could only have covered a period from the making and giving of the note by James W. Sackett, to the time of the alleged gift of the note back to defendant, which was sometime in 1876, almost two years before the declarations put in evidence were made by the decedent. So that not only is the objection that they were self-serving fatal, but also the further objection that they were too remote, and formed no part of the transaction. What declarations form part of the *res gestæ* and what do not is clearly stated in the very recent case of *Waldele* agt. *N. Y. C. R. R. Co.* (95 *N. Y.*, 274), where the old rule is reiterated that declarations which are a narrative of a past transaction are not admissible (*see page* 278 *of that case*). 3. The declarations of James H. Sackett in his own favor cannot be introduced to rebut other declarations made by him against interest at other times and

places. Assuming that deceased did, shortly before his death, make these declarations to the witness Bush in his own favor, they in no way tend to show that he had not made other contrary declarations against interest at other times and places. In fact, they have no bearing whatever upon the question. And whether or not the decedent made a gift of the note back to defendant in 1876, or said that he intended to do so, or had done so, could not be effected by declarations made by him in 1878, that he still held the note. See case of *Sweet* agt. *Northrup* (*Gen. Term, Third Depart.*, 12 *Week. Dig.*, 377), where it was held that if a deed were originally intended as a gift no subsequent declarations of the grantor could change it to an advancement. To the same effect is the well-known case of *Ogden* agt. *Peters* (15 *Barb.*, 560). In a Massachusetts case, which is authority, and has been repeatedly cited and approved, the case of *Hunt* agt. *Roylance* (11 *Cush.*, 117; 59 *Am. Dec.*, 140) the rule as to the effect of these declarations is well laid down. The court said: "The single question at issue between the parties to these actions was whether one B. H. Strobridge, one of the defendants, was a co-partner with the other two defendants, Briggs and Roylance, at the time the notes declared on were given and signed with the names of Roylance, Briggs & Co. To maintain the issue on their part, the plaintiffs offered in evidence the declarations of said Strobridge made on several different occasions to two clerks in the employment of the firm. For the purpose of rebutting and controlling this evidence, the defendant Strobridge offered evidence to prove his declarations on the subject of the partnership and his connection, *made on other occasions* than those testified to on behalf of the plaintiffs, and when neither plaintiffs nor witnesses were present. These admissions were objected to by the plaintiff, but were admitted, and this forms one of the principal grounds of the exceptions in the present case. It seems to us that this evidence was incompetent on the familiar principle that a party cannot prove his own declarations in support of his own case. The defendant had a right to prove any statements of his own which made

a part of those offered in evidence by the plaintiff. He could explain and contradict any conversation or declaration which had been first proved against him - by the plaintiffs, because such evidence tended directly and legitimately to control the case made out against him by the plaintiffs, but beyond this he could not go. His own admissions, not offered in evidence against him, had no legal tendency to control the case proved by the other side. To show a man denied being a member of a copartnership to A. to-day does not prove nor in any way tend to show that he did not admit he was a member of the firm to B. yesterday. It is simply an admission in his own favor, having no bearing on the admission proved against him " (59 *Am. Dec.*, 141). 4. For the reason above given, the judgment in this action should be reversed, and as it has been once before tried, and the first judgment reversed, the appellant asks that this present judgment be reversed and a new trial granted, with costs.

*Charles H. Bailey,* for respondent; *Jacob L. Haynes,* as counsel, argued that the first ground of objection to the question put to Jane C. Bush — that it called for a self-serving declaration — is not good, because defendant had been allowed under plaintiffs' objection, both as to competency and relevancy, to introduce testimony of his father and mother and other relatives, of the same James H. Sackett's declarations "without number," for a period commencing before the existence of the note and continuing until his death. And many of those declarations were, that he *would give,* or *was going to give,* defendant $5,000 of stock of goods; others that he *had* given the $5,000 out of his stock of goods (notwithstanding defendant concedes that his uncle never gave him the $5,000 of stock, but sold the stock and took the $5,000 note with three other notes for the whole) other declarations that "he" (James H. Sackett) "never intended to collect it" — "did not intend to collect the principal" — did not expect to have it paid" — "did not intend to trouble or distress Jimmie for it; it was a gift" (all parol evidence to vary a

written contract). And it would be monstrous, that plaintiffs could not rebut the testimony of these declarations — incompetent evidence themselves, and "without number"— by testimony of a single declaration of the same party, in the same period, relative to the same thing; *i. e.*, his intention concerning the note. In *Nesbit* agt. *Stringer* (2 *Duer*, 26), it was held, that where a defendant's liability is sought to be proved by inference from circumstances and from his verbal declarations and admissions, he is entitled to demand that all the circumstances *and all his conversations* relating to the subject-matter should be taken into consideration, even though some of the conversations took place on different days. And in this case the court said: "The law is not so imperfect, in its administration of justice, as to give the plaintiff the chances of yesterday's uncertainty, and deprive the defendant of the benefit of to-day's explanation. And where the attempt is to fasten a contract on a party for a losing undertaking by inference from circumstances and conversations, he has a right to ask, at least, that all the circumstances and all the conversations relating to the matter should be taken into consideration." The second ground of defendant's objection; *i. e.*, that the evidence called for was not contemporaneous with the giving of the note, is not good, for the reason that the evidence called for was contemporaneous with alleged declarations of James H. Sackett, testified by defendant's witnesses, thereby sought to be rebutted, which declarations, testified for defendant, were neither contemporaneous with the giving of the note or its pretended surrender or gift to defendant, but extended to the life-time of James H. Sackett, two years later than such supposed surrender or gift of the note to defendant. The judgment should be affirmed with costs.

PER CURIAM. — The conversation between the witness. Jane C. Bush, and the testator took place at a different time from the conversations proved on behalf of the defendant to maintain his defense. The object was to prove declarations of the testator

in his own favor, against the defendant, which it was not compe-
tent for the plaintiffs to give in evidence.

For the improper admission of this evidence the judgment is
reversed and a new trial ordered, with costs to abide the event.